**MINUTE ORDER**

**HEWITT V. THE CITY OF NEW YORK et al., 09cv00214 (CPS)(MDG)**

This order summarizes and elaborates on rulings made on the record at a conference on September 9, 2009 with respect to plaintiff's motion to compel (ct. doc. 14) release of minutes of state court grand jury proceedings. The Kings County District Attorney's Office has appeared through counsel and filed opposition to release of the minutes. See ct. doc. 17.

Although federal law applies, federal courts should, as a matter of comity, ordinarily require litigants to seek release of grand jury minutes first from the state court responsible for supervising the grand jury and should recognize state privileges "where this can be accomplished at no substantial cost to substantive and procedural policy." See Lora v. Board of Ed. of the City of New York, 74 F.R.D. 565, 576 (E.D.N.Y. 1977). Plaintiff apparently applied to the Criminal Court Judge Dan Chun only for release of in-court minutes because he was told by the judge's chambers that Judge Chun would not order release of grand jury minutes. While the better course would have been for the plaintiff to have made a formal written request before bringing the instant motion, there apparently is no dispute that the state court would have been likely to refuse to unseal the grand jury minutes. Thus, rather than delay this action to await a written order confirming such a result, this Court will consider the motion. See Fed. R. Civ. P. 1 ("[rules] should be construed and administered to secure the just, speedy and inexpensive determination" of proceedings).

A litigant seeking to unseal grand jury minutes must establish particularized need. Douglas Oil v. Petrol Stops Northwest, 441 U.S. 211, 217 (1979). To demonstrate particularized need, plaintiff must show that: (a) the material sought is needed to avoid a possible injustice, (b) need for disclosure is greater than the need for secrecy, and (c) the

request covers only the material needed.  Id., 441 U.S. at 222; Scheiner v. Wallace, No. 93 Civ. 0062, 1995 U.S. Dist. LEXIS 18873, at *13-14 (S.D.N.Y. Dec. 18, 1995).

With respect to possible injustice if the minutes are not disclosed, I find compelling reasons why the grand jury minutes are important, beyond their potential usefulness in discovery. Plaintiff was indicted for her role in a large narcotics conspiracy and the evidence against her apparently was based on observations of several transactions occurring over a period of time a number of years ago.  Thus, no one witness may, at this juncture, be able to discuss the basis for including plaintiff in the prosecution, let alone recall the salient details. Significantly, Criminal Court Judge Chun dismissed the charges in the indictment against plaintiff after a review of the grand jury minutes.  There is no way that the parties may "explore this critical occurrence without examining the grand jury testimony itself." Palmer v. Est. of Stuart, 2004 WL 2429806, at *3 (S.D.N.Y. Nov. 1, 2004).  The minutes themselves constitute probative evidence in assessing the propriety of the defendants' decision to arrest plaintiff and continue to prosecute plaintiff. Id. at *4. Contrast Wilson v. City of New York et al., 2007 WL 4565138, at *3 (E.D.N.Y. Dec. 21, 2007) (upholding a magistrate judge's refusal to unseal grand jury minutes because arguments regarding paucity of evidence regarding grand jury proceedings undermined by state trial judge finding of legal sufficiency of evidence in grand jury minutes).

On the other hand, the interests in protecting grand jury secrecy here go beyond the usual concerns articulated for protecting such proceedings.  The criminal prosecution resulting in plaintiff's arrest has not concluded and 20 other persons charged in the same indictment have not yet been tried.  However, counsel in this action advise that much information, including the identities of an uncover officer and other witnesses, have already been disclosed in discovery and there is a

confidentiality order in place which the Court shall extend to the minutes. In addition, the plaintiff has appropriately limited her request to those parts of the grand jury minutes relevant to her alleged participation in the drug operation and subsequent arrest. See <u>Ruther v. Boyle et al.</u>, 879 F.Supp.247, 250 (E.D.N.Y. 1995) (citing <u>Douglas Oil</u>, 441 U.S. 211, 223(1979)).

## **CONCLUSION**

Because the Court finds that the need for the minutes outweighs the need for grand jury secrecy, particularly in light of limitations placed, the motion to compel is granted, subject to the following conditions:

(1) Only the state court grand jury minutes directly relating to plaintiff's arrest in this matter should be released.

(2) Defendants are directed to provide a list of all persons involved in the claims underlying this action whose identities are known and have been disclosed in this action, including all officers, participants to the crimes covered in the indictment issued by the Grand Jury and witnesses. The District Attorney may redact all other names in the minutes produced.

(3) Counsel shall maintain the confidentiality of the minutes produced and may not disclose them to any other person. No material contained in the minutes may be disclosed without notice to the District Attorney's Office and approval by the Court, except for information obtained from other sources.

(4) The minutes shall be produced by October 8, 2009.

**SO ORDERED.**

Dated:   Brooklyn, New York
         September 9, 2009

_____/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE