UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

JENNIFER HEWITT,

              Plaintiff,

                                      ORDER

      - against -                  CV 2009-0214 (RJD)(MDG)

CITY OF NEW YORK, et al.

              Defendants.

- - - - - - - - - - - - - - - - - -X

     This order summarizes and further explains rulings made on the record during a conference held on December 16, 2010 with respect to plaintiff's motion for leave to file a second amended complaint to add additional defendants and additional claims for individual and municipal liability in this action brought under 28 U.S.C. § 1983.[1] Plaintiff alleges that she was falsely arrested and maliciously prosecuted in violation of her constitutional rights and seeks to assert three new claims and name additional police officers as defendants. The defendants oppose the motion on the grounds that amendment would be futile.

---

[1] As a preliminary matter, I note that I have the authority to address this motion since a motion to amend is within my pretrial reference authority pursuant to 28 U.S.C. § 636(b)(1)(A). See Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007) ("a district judge may refer nondispositive motions, such as a motion to amend the complaint, to a magistrate judge for decision without the parties' consent").

DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure provides that the Court should freely give leave to amend a pleading when justice so requires. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971); Grace v. Rosenstock, 228 F.3d 40, 53 (2d Cir. 2000). "'[U]nless a proposed amendment is clearly frivolous or legally insufficient on its face, the substantive merits of a claim or defense should not be considered on a motion to amend.'" Sterling v. Interlake Indus. Inc., 154 F.R.D. 579, 589 (E.D.N.Y. 1994) (citation omitted). Thus, courts should ordinarily grant leave to amend in the absence of bad faith by the moving party, undue prejudice or futility. Manson v. Stacescu, 11 F.3d 1127, 1133 (2d Cir. 1993) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Delay alone does not justify denial of leave to amend. See Rachman Bag Co. v. Liberty Mutual Ins. Co., 46 F.3d 230, 234 (2d Cir. 1995); Richardson Greenshields Sec., Inc. v. Lau, 825 F.2d 647, 653 n.6 (2d Cir. 1987). Ultimately, the decision to grant or deny a request to amend is within the discretion of the district court. Foman, 371 U.S. at 182; John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994).

1. Failure to Intervene

Plaintiff seeks to add a claim for failure to intervene in the violation of her constitutional rights against each of the individual defendants named in the proposed complaint. While

each individual defendant is alleged to have been either present at plaintiff's arrest, involved in her arrest processing or the investigation, in order for liability to attach they must have known that a constitutional violation was being committed. See Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994). The proposed second amended complaint contains no allegations that Detectives Childs, Duguid, Grant, Balsamo or Sergeant Pappas were involved in the decision to arrest plaintiff or knew the details of the investigation. Thus, adding a claim of failure to intervene would be futile as to those defendants.

2. <u>Denial of Right to Fair Trial</u>

Plaintiff proposes to add a claim that defendants Childs, Cooke, Dauge, Balsamo and two undercover officers denied her right to a fair trial by fabricating evidence against her. Contrary to defendants' argument, the weight of authority is that a Sixth Amendment claim for denial of a fair trial is not duplicative of a malicious prosecution claim brought under the Fourth Amendment. Zahrey v. City of New York, 2009 WL 54495, at *24-*25 (S.D.N.Y. 2009) (citing cases). I also find that plaintiff's allegations are sufficient to state a claim that Detectives Cooke, Dauge and Undercover Officers 0054 and 0055 created and/or forwarded false evidence to prosecutors. Although Detectives Childs's and Balsamo's alleged involvement is limited to preparing the arrest report, those allegations are sufficient to state a claim for forwarding false evidence to the

prosecutors.

3. <u>Individual Liability of Detectives Grant, Balsamo and Sergeant Pappas</u>

Defendants also generally argue that the proposed claims against Detective Grant and Sergeant Pappas would be futile because the only specific allegations against them are that they were present at plaintiff's arrest. Plaintiff's allegations are not sufficient to sustain a false arrest claim absent any allegation that the defendants were personally involved in plaintiff's arrest. See Provost v. City of Newburgh, 262 F.3d 146, 155 (2d Cir. 2001). The allegation in the proposed Second Amended Complaint that the City stated in an interrogatory response that Grant and Pappas "participated" in the arrest does not amount to an admission that they were personally involved; the response may simply reflect that they were present at the scene.

However, the allegations regarding Detective Balsamo are more extensive. His involvement in the arrest report is sufficient to state a claim for false arrest.

4. <u>Municipal Liability</u>

In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a

constitutional right.  Board of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 403 (1997) (citing Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978)).

    A.    Police Officers

Plaintiff alleges in the proposed complaint that the City has a policy of wrongfully arresting people on the pretext that they were involved in drug transactions and manufacturing evidence against them in order to meet productivity goals. Plaintiff points to a statement reported in the press attributed to Deputy Commissioner Paul Browne that NYPD commanders are permitted to set "productivity goals" as evidence of such a policy.  Plaintiff's allegation of such a policy suggests a motive for officers to engage in conduct that would result in a deprivation of plaintiff's constitutional rights and thus is sufficiently specific to state a claim for municipal liability. Under Iqbal, determining whether a plaintiff has pled a claim that is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal v. Ashcroft, 129 S. Ct. 1937, 1950 (2009).  While the City may ultimately prevail on a motion for summary judgment, I do not find at this juncture that the amended claims are futile.

In addition, plaintiff specifically alleges that the City has a policy of unlawfully strip searching pre-arraignment detainees absent reasonable suspicion that they were concealing

weapons or contraband. Courts in this Circuit have found such policies unconstitutional. See, e.g., Harriston v. Mead, 2008 WL 4507608, at *3 (E.D.N.Y. 2008); Murcia v. County of Orange, 226 F. Supp. 2d 489, 494 (S.D.N.Y. 2002).

B. Assistant District Attorneys

Plaintiff alleges that the City failed to train and supervise assistant district attorneys to ensure that sufficient evidence is presented to a grand jury and that criminal indictments contain allegations for which sufficient evidence was presented to a grand jury. Allegations focusing on the decision of an assistant district attorney to prosecute an individual are not sufficient to state a claim against the City of New York. See Myers v. County of Orange, 157 F.3d 66, 77 (2d Cir. 1998); Gan v. City of New York, 996 F.2d 522, 536 (2d Cir. 1993); Baez v. Hennessy, 853 F.2d 73, 77 (2d Cir. 1988); see also Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) (absolute immunity attaches to "the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before grand jury after a decision to seek an indictment has been made"). This is because "a district attorney in New York State, acting in a quasi-judicial capacity," in prosecuting a criminal matter represents the State, not the municipality. Baez, 853 F.2d at 77. On the other hand, when "claims center[] not on decisions whether or not, and on what charges, to prosecute but rather on the administration of the district

attorney's office, the district attorney has been treated not as a state official but rather as an official of the municipality to which he is assigned." See Gan, 996 F.2d at 536. Thus, courts have acknowledged that claims regarding supervision and training relate to the district attorney's role as the "manager of the district attorney's office" and may give rise to municipal liability. Walker v. City of New York, 974 F.2d 293, 301 (2d Cir. 1992).

The inadequate training or supervision of city employees could amount to "deliberate indifference" to the rights of those with whom the city employees interact. City of Canton v. Harris, 489 U.S. 378, 388 (1989). To establish "deliberate indifference," a plaintiff must show that: [1] a policymaker knows "to a moral certainty" that city employees will confront a particular situation; [2] the situation either presents the employee with "a difficult choice of the sort that training or supervision will make less difficult" or "there is a history of employees mishandling the situation;" and [3] "the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights." Walker v. City of New York, 974 F.2d 293, 297-98 (2d Cir. 1992).

As a preliminary matter, although the allegations in the proposed Second Amended Complaint are pled in terms of the failure to train assistant district attorneys, plaintiff cannot circumvent the limitation on municipal liability for a district

attorney's underlying decision whether to prosecute by restyling the complaint as a failure to train. See Eisenberg v. District Attorney of County of King, 1996 WL 406542, at *7 (E.D.N.Y. 1996) ("The prosecutorial acts of assistant district attorneys which are alleged in this regard are simply implementations of the prosecutorial decision allegedly made by the District Attorney to which claims of inadequate training bear no relationship at all"). Here, the failure to train relates to acts that would unquestionably be state acts if performed directly by the district attorney. It would be illogical to treat the district attorney as a municipal policymaker for failure to train subordinates on the performance of a state prosecutorial function. See Wallace v. Powell, Nos. 3:09-cv-286, 3:09-cv-0291, 3:09-cv-0357, 3:09-cv-0630, 2010 WL 785253, at *6 (M.D. Pa. Mar. 1, 2010) ("after examining Pennsylvania law and in light of the Supreme Court's recent decision in Van de Kamp, I find that in making direct prosecutorial decisions in the courtroom, and in training subordinates to do the same, a district attorney is a state actor. Plaintiffs' proposed amendments with respect to Luzerne County fail to allege decisions by a final policy-maker for the municipality, and therefore, are futile"); but see Johnson v. Louisiana, No. 09-55, 2010 WL 996475, at *11, *12 (W.D. La. Mar. 16, 2010) (declining to extend absolute prosecutorial immunity to Monell claims against the District Attorney, but noting that the policymakers of the District

Attorney's Office can be deliberately indifferent "only where the need for training or other affirmative action that 'is so obvious and the inadequacy so likely to result in the violation of constitutional rights that the policymakers of the district attorney's office can reasonably be said to have been deliberately indifferent to the need'").

Even if plaintiff's Monell claims of inadequate training are construed as not implicating the determination to prosecute, plaintiff has not met the Walker requirements for establishing deliberate indifference. Plaintiff makes only general allegations that the City defendant failed to provide training and supervision to ensure that there would be sufficient evidence submitted to a grand jury and to proceed in a prosecution. See proposed Second Am. Compl. at ¶¶ 168-72. While the City of New York is undoubtedly aware that the District Attorney's Office must have sufficient evidence before proceeding in a prosecution, plaintiff has not provided any plausible facts that any deficiencies in the conduct of ADAs stemmed from inadequate training; that this is a situation where an employee is confronting "a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation." Walker, 974 F.2d at 297-98; see Hatchett v. City of Detroit, No. 08-CV-11864, 2010 WL 538648, at *17, *19 n.6 (E.D. Mich. Feb. 10, 2010) ("The court is unaware of any binding authority extending a municipality's

training duty to professionally educated and degreed employees, such as prosecutors. . . A municipality need not train prosecutors about that which they already know, . . . [but a]n exception might well exist if the municipality were aware that its prosecutors have repeatedly violated citizens' rights under Brady").

In addition, Monell liability does not attach unless "there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." City of Canton, 489 U.S. at 385. Plaintiff fails to meet the causation requirement under Monell because the decision to indict ultimately is within the province of the grand jury. See Wray v. City of New York, 490 F.3d 189, 195-96 (2d Cir. 2007) (finding a "break in the chain" between an officer's improper conduct of identification procedures and the denial of the plaintiff's constitutional rights and the City's alleged failure to train, which was "a step even further removed" so as not to be the "actual cause" of the constitutional deprivation). Thus, I find that plaintiff's proposed claim of municipal liability based on the City's failure to train and supervise assistant district attorneys would be futile.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to amend is granted in part and denied in part. Plaintiff's motion is granted except for the claims against Detective Grant and

-10-

Sergeant Pappas, the claims for failure to intervene against Detectives Childs, Duguid and Balsamo and the municipal claim for failure to train assistant district attorneys.  Plaintiff must file by February 22, 2011 a Second Amended Complaint which has been revised in accordance with the foregoing.

A telephone conference will be held on 2/22/11 at 9:45 a.m.

**SO ORDERED.**

Dated:   Brooklyn, New York
         February 7, 2011

/s/
MARILYN DOLAN GO
UNITED STATES MAGISTRATE JUDGE