# MINUTE ORDER
## Hewitt v. City of New York, 09-cv-214 (RJD)(MDG)

This order summarizes rulings made on the record during a conference held on 7/15/11.

1. Plaintiff moves for an order limiting the fee charged by defendants' expert, Dr. Steven Fayer for his appearance at a deposition. Defendants seek a fee of $2,500 for Dr. Fayer to appear at a deposition lasting no more than four hours.

Rule 26 (b)(4)(E) of the Federal Rules of Civil Procedure requires that a party seeking discovery pay the opposing party's expert a "reasonable fee for time spent in" deposition. See Fed. R. Civ. P. 26(b)(4)(E). The party seeking reimbursement bears the burden of showing the reasonableness of the fee sought. See Casiano v. Target, 2008 WL 3930558, at *1 (E.D.N.Y. 2008); Carafino v. Forester, 2005 WL 1020982, at *1 (S.D.N.Y. 2005). Courts in the Second Circuit consider several factors in determining reasonableness: (1) the witness's area of expertise; (2) the education and training required for the expert insight sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the cost of living in the geographical area; (6) the fee being charged by the expert to the party who retained him; (7) the fees charged by experts in similar matters; and (8) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26. Casiano, 2008 WL 3930558, at *1.

The only information provided by the defendants is a brief description of Dr. Fayer's credentials. Dr. Fayer is board certified in psychiatry and is an Assistant Professor of Psychiatry and an Attending Physician at Mount Sinai Hospital. Although Dr. Fayer appears very well qualified, the flat rate sought by defendants is unreasonable under the circumstances. See id. (recognizing that a flat fee for an expert's appearance is disfavored); Kreyn v. Gateway, 2008 WL 2946061, at *1 (E.D.N.Y. 2008). Based on my experience and the reported cases, I find that a rate of $400 per hour is a reasonable fee for Dr. Fayer to appear for a deposition, including up to one hour of preparation time. See e.g., Broushet v. Target, 2011 WL 1750753, at *3 (E.D.N.Y. 2011) ($400/hr for orthopedic surgeon); Reit v. Post Properties, 2010 WL 4537044, at *10 (S.D.N.Y. 2010) ($400/hr for neurologist and $250/hr for orthopedic surgeon); Kreyn v. Gateway Target, 2008 WL 2946061, at *2 ($400/hr for orthopedist). Any travel time may be charged at a rate of $200 per hour.

2. Plaintiff seeks an order compelling defendants to produce certain recordings of KEL transmissions and corresponding

transcripts. Plaintiffs' application to compel an inspection of the original recordings and the production of "Tape No. C050061" is denied without prejudice. Plaintiff has not offered any reason to doubt the accuracy of the copies the defendants produced or counsel's representation that "Tape No. C050061" is unrelated to the incident at issue in the litigation. However, defendant must produce by 7/29/11 an affidavit certifying the accuracy of the copies produced and any transcripts of the recordings kept by the City in the ordinary course of business. Defendants are warned that they will be precluded from using any recordings that have not been produced to plaintiff.

3. Plaintiff moves to compel production of all disciplinary records regarding the defendant officers. Defendants have consented to the production of records concerning allegations of misconduct of a similar nature to that alleged in the complaint or allegations of false statements within the scope of the officers' employment going back 10 years from the date of plaintiff's arrest. Many courts have recognized that discovery of a defendant's disciplinary history must be limited to those that concern conduct similar to that alleged in the complaint or that relate to the officer's propensity to tell the truth. See Gibbs v. City of New York, 2008 WL 314358, at *1 (E.D.N.Y. 2008); Zhao v. City of New York, 2007 WL 4205856, at *1 (S.D.N.Y. 2007); Barrett v. City of New York, 237 F.R.D 39, 40 (E.D.N.Y. 2006); Frails v. City of New York, 236 F.R.D. 116, 118 (E.D.N.Y. 2006). On the other hand, disciplinary actions older than 10 years or those that post-date plaintiff's incident may still be relevant to pattern, intent or absence of mistake. See Zhao, 2007 WL 4205856, at *1; Barrett, 237 F.R.D at 40; Frails, 236 F.R.D. at 118; Malsh v. NYC Police Dept., 1995 WL 217507, at *2 (S.D.N.Y. 1995). However, since any such actions are more removed in time from the claims in this action, they may not be probative, particularly in the absence of similar charges.

Accordingly, by 9/15/11, defendants must produce the records described above going back 10 years from the present and any disciplinary records concerning the officers's lost memo books. In addition, by 8/31/11, defendants must produce for in camera inspection a summary of any disciplinary records they contend are unrelated to the conduct alleged in the complaint or that are older than ten years.

**SO ORDERED.**

Dated:   Brooklyn, New York
         July 18, 2011

                                        /s/
                                        MARILYN D. GO
                                        UNITED STATES MAGISTRATE JUDGE